IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00761-BNB

JAMES MILLER,

    Applicant,

v.

ANGEL MEDINA, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

    Applicant, James Miller, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Miller has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in case number 94CR2488 in the Denver District Court. The court must construe the application liberally because Mr. Miller is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Miller will be ordered to file an amended pleading if he wishes to pursue his claims in this action.

    The court has reviewed the application and finds that it is deficient because Mr. Miller fails to identify clearly the specific federal constitutional claims he is asserting in this action and he fails to provide specific factual allegations in support of each asserted

claim. For example, most of Mr. Miller's first claim consists of a chronological discussion of state court postconviction proceedings that does not appear to be relevant to whatever federal constitutional claims Mr. Miller may intend to raise regarding the validity of his conviction and sentence. Mr. Miller's vague and conclusory assertion in his first claim that his Sixth and Fourteenth Amendment rights to a fair trial were violated does not provide a sufficient statement of any federal constitutional claim. Although Mr. Miller refers to an ex post facto violation in his second claim because the sentencing laws allegedly were more onerous than the law in effect at the time he committed his crimes, he fails to provide specific factual detail in support of this claim. In particular, because it appears that Mr. Miller is serving sentences imposed on two separate dates, he must clarify which specific sentence or sentences he is challenging in his second claim and he must provide specific factual allegations that demonstrate how he was adversely affected by any new sentencing laws.

For these reasons, the court finds that the application does not provide a clear statement of the claims Mr. Miller is asserting. Therefore, in order to avoid any possible confusion regarding the claims he is raising in this action, Mr. Miller will be directed to file an amended pleading that identifies clearly the specific constitutional claims he is asserting and that clearly identifies the specific facts that support each individual claim. Mr. Miller is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Miller must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules

are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Miller file an amended application that complies with this order **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that Mr. Miller shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Miller fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 30, 2012, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge